# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GARY OTTAVIANO, CRUZ PLAZA, and ) <br> JENNY MACIAS, individually and on behalf ) <br> of all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOME DEPOT, INC., USA, ) <br> ) <br> Defendant. ) | Civil Action No. 1:09-cv-05125 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Home Depot's Motion to Dismiss or Alternatively for Partial Summary Judgment [10]. Plaintiffs Gary Ottaviano, Cruz Plaza, and Jenny Macias, on behalf of themselves individually and on behalf of others similarly situated, allege that while employed by Home Depot, they were deliberately misclassified as "exempt" employees for the purpose of state overtime laws, both during their time as Assistant Store Managers in training (the "ASM training period") and during their time as Assistant Store Managers (the "ASM period"). Plaintiffs allege that Defendant violated the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and seek to recover wages allegedly owed by the Defendant. Defendant contends that Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted because Home Depot's policies, even under the facts as alleged, do not rise to a violation of the statute; alternatively, Defendant contends that summary judgment should be granted because some or all of Plaintiffs' claims may be time-barred.

With respect to Plaintiffs' claim that they were deliberately misclassified as "exempt" employees for the purpose of state overtime laws, the Court need not consider matters outside the complaint and the parties' briefing; thus, the Court will proceed on the motion to dismiss as to that claim. The issue of whether some or all claims are time-barred relies on materials outside the complaint. Because the parties have complied with the requirements of Local Rule 56.1, the Court will proceed on Defendant's motion for summary judgment as to those claims. For the following reasons, the Court dismisses the "ASM period" claims brought by Plaintiffs Ottaviano and Macias, and grants Defendant's motion for summary judgment [10] with regard to all claims brought by Plaintiff Plaza and the "ASM training period" claims brought by Plaintiffs Ottaviano and Macias.

I.     **Background**

Plaintiffs Gary Ottaviano, Cruz Plaza, and Jenny Macias were employed by Defendant Home Depot as Assistant Store Managers (ASMs) at various retail locations throughout Illinois. Compl. ¶ 8. Plaintiffs are Illinois residents, and Defendant is a Delaware corporation with its principal executive offices located in Atlanta, Georgia. *Id.* ¶ 5. Defendant identified Plaintiffs as "exempt" employees for purposes of the Illinois Minimum Wage Law, and Plaintiffs were paid a salary (as opposed to being paid by the hour). *Id.* ¶ 11. While employed at Home Depot, Plaintiffs were required to work at least fifty-five hours a week and did not receive additional compensation for the time worked in excess of forty hours a week. *Id.* ¶¶ 9-10. According to Plaintiffs and not disputed by Defendant (for purposes of the motion to dismiss), Home Depot has a policy whereby it terminates ASMs who regularly work less than the fifty-five hours for which they are scheduled. *Id.* ¶ 11. Additionally, Home Depot requires newly hired ASMs to undergo a training period lasting between two and eight weeks prior to assuming the full responsibilities of an ASM. *Id.* ¶ 13. During that training period, ASMs also are paid a salary

2

and not compensated for time worked in excess of forty hours a week, even though they do not perform "exempt" work during that time. *Id.* ¶ 14-15. Plaintiff Ottaviano worked as an ASM from April 2005 until December 21, 2006; Plaintiff Macias from March 2001 until January 29, 2007; and Plaintiff Plaza from March 2004 until June 2006. Def.'s UMF ¶¶ 5-7, Ex. 1-3. All three Plaintiffs have filed consents to join the pending lawsuit in *Elmaghraby v. Home Depot, U.S.S., Inc.*, No. 04-cv-4100, (D.N.J. Aug. 25, 2004), a collective action filed against Defendant in federal court in New Jersey under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* Def.'s UMF ¶ 4.

## II. Discussion

### A. ASMs were properly characterized as "exempt" under IMWL

The Court will treat Defendant's argument that Plaintiffs were not misclassified under the standards for ruling on a motion to dismiss. Generally, "[a]ffirmative defenses do not justify dismissal under Rule 12(b)(b)." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). However, this rule does not apply when a party has included in its complaint "facts that establish an impenetrable defense to its claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). "If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief." *Id.*; see also *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (affirming dismissal of claims because complaint "so thoroughly anticipated" an affirmative defense that dismissal was appropriate). In this case, Plaintiffs have put Defendant's exemption defense "in play." *Hecker*, 556 F.3d at 588. Instead of simply pleading an overtime claim under Illinois law, Plaintiffs specifically challenged their exempt status on the basis that "the ASM position does not meet the salary basis test," and alleged detailed facts in support of their claim. Specifically, Plaintiffs contend (and, for purposes of this motion, Defendant does not dispute) that Home Depot has a policy whereby

3

it terminates ASMs who regularly work less than the fifty-five hours for which they are scheduled and that this policy does not pass muster under the salary basis test. *Id.* ¶ 11. Plaintiffs' opposition leaves no doubt that this is the only ground upon which Plaintiffs challenge their exempt status. See, *e.g.*, Pls. Opp. at 2-3, 7, 11, 14. Whether termination for failure to work an assigned schedule constitutes a "reduction in pay due to the quantity or quality of work performed" is a legal question that can be addressed on a motion to dismiss; thus, the Court proceeds to the salary basis issue.

Illinois employers are not required to pay overtime wages to employees who would have been exempted under the federal Fair Labor Standards Act (FLSA) and accompanying regulations, as they existed on March 30, 2003. 820 ILCS 105/4a(2)(E) (2004). The "short test" for exempt status under the prior FLSA regulations requires that three conditions be met: (1) the employee must be paid on a "salary basis" of at least $455 a week; (2) the employee must primarily manage a customarily recognized department or subdivision of the employer; and (3) the employee must customarily or regularly direct the work of two or more employees. See 29 C.F.R. § 541.1(f) (July 1, 2003), superseded by 29 C.F.R. 541.100 (July 1, 2008).[1] Plaintiffs allege that because the ASM position fails to meet the first element, the "salary basis test," they were improperly classified as exempt and therefore owed overtime wages. Compl. ¶ 12.

The "salary basis test," materially unchanged since the former regulations, is satisfied where an employee "regularly receives each pay period on a weekly, or less frequent basis, a pre-determined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed." 29 C.F.R. §

---

[1] The salary basis remains unchanged under new regulations except with regard to the minimum salary exempt employees must be paid. The parties do not dispute that Plaintiffs' salaries meet the minimum salary requirement.

541.118(a) (July 1, 2003), superseded by 29 C.F.R. § 541.602(a).[2]  Plaintiffs assert that Defendant's alleged policy of terminating any ASM "who exercises his or her discretion on a regular basis to work less than the eleven (11) hour per day minimum shift for which the ASM has been scheduled" runs afoul of this regulation, which is commonly referred to as the "no-docking rule."  Compl. ¶ 1; *id*. ¶ 53 (quoting 29 C.F.R. § 541.602(a)); see *Whetsel v. Network Prop. Servs., LLC*, 246 F.3d 897, 900 (7th Cir. 2001).  Plaintiffs allege that Defendant Home Depot requires ASMs to work fifty-five hours a week and has adopted a policy of terminating ASMs who regularly work less than that amount.  Compl. ¶¶ 10-11.  Under Plaintiffs' theory, the policy of termination is effectively a wage "reduction" as described in the FLSA salary basis test.  *Id.* at ¶ 11-12.

The narrow question of whether *termination* is tantamount to a *wage reduction* under the FLSA is a novel one.  However, decisions reaching related issues shed considerable light on the question and lead to the conclusion that termination, standing alone, cannot be one and the same as a wage reduction.  In *Auer v. Robbins*, the Supreme Court addressed the permissibility of the Secretary of Labor's interpretation of the salary basis test to mean that employees whose wages could be adjusted for disciplinary reasons could not be considered "exempt."  519 U.S. 452, 456 (1997).  In a unanimous decision, the Supreme Court accepted the Secretary's interpretation and its corollary – that "true executive, administrative, or professional employees are not 'disciplined' by piecemeal deductions from their pay, but are terminated, demoted, or given restricted assignments."  *Id.*  That decision at least implicitly acknowledges that employees who meet the salary basis test for executive exemption under FLSA may be terminated as a disciplinary measure.

---

[2] The new regulation is materially identical to the one adopted by the Illinois Minimum Wage Law.

Plaintiffs contend that the Supreme Court's pronouncements in *Auer* about the disciplinary actions employers may take against exempt employees are mere dicta and do not compel dismissal of their claims. While the Court agrees with Plaintiffs' contention that exempt employees are "normally allowed some latitude with respect to the time spent at work," the proposition that employers may set general requirements as to the overall number of hours worked by exempt employees has widespread support, even if the cases are otherwise distinguishable. See *Guerrero v. J.W. Hutton, Inc.,* 458 F.3d 830, 836 (8th Cir. 2006) ("We agree the regulations do not prohibit employers from requiring employees to work a specific number of hours per week and track their time to ensure they have worked the requisite number of hours"); *Renfro v. Indiana Michigan Power Co.*, 370 F.3d 512, 615 (6th Cir. 2004) (holding that "employer may require exempt salaried employees to make up for time missed from work due to personal business. It is only when an employer actually deducts from an employee's paycheck that the employee is ineligible for the exemption."); *Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 265 (5th Cir. 2000) ("Although the salary basis regulation prohibits deductions from an [employee's] salary for personal absences of less than a day, the regulation does not prohibit an employer from requiring an employee to make up the time he misses.").

Seventh Circuit precedent also is in line with this construction of the executive exemption. In *Haywood v. North Am. Van Lines, Inc.*, the employer subjected its salaried customer service coordinators to non-monetary discipline (*i.e.*, verbal or written reprimand) for failing to work a scheduled shift and required them to either make up missed scheduled work time or take sick leave. 121 F.3d 1066, 1070 (7th Cir. 1997). No salary deductions were made in either instance. *Id*. at 1070-71. The court held that employees do *not* lose exempt status simply because they are subject to discipline for failure to work a particular schedule. 121 F.3d 1066, 1071 (7th Cir. 1997). The court then dealt a fatal blow to claims like the one presented by

6

Plaintiffs here by pointing out that, "if the regulations also were to prohibit non-monetary discipline for the quantity or quality of work an employee performs, employers would have no tool with which to combat chronic absenteeism, tardiness, or poor performance." *Id.* Were Plaintiffs' construction of the salary basis test to be applied, employers would be subject to liability for terminating exempt employees who fail to report to work at the scheduled times. Such a construction would be out of step with the reasoning that other courts have applied in interpreting the salary basis test of executive exemption and particularly untenable in the retail context, as employers could not ensure that exempt managers worked scheduled shifts where they are required to open or close a store.[3]

For the reasons stated above, the Court determines that Plaintiffs have not alleged facts in their complaint which, taken as true, would support their claims under Illinois Minimum Wage Laaw. Moreover, based on Plaintiff's allegations, discovery would not reveal any additional facts essential to the Court's resolution of the exemption defense, because Defendant has admitted (for purposes of its motion to dismiss only) Plaintiffs' allegations concerning the alleged termination policy. Thus, Plaintiffs' claims fail as a matter of law, and the Court dismisses all of Plaintiffs' claims arising from the ASM period.

---

[3] A district court recently rejected an identical "salary basis" argument in a proposed class action brought on behalf of ASMs under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4. See *Novak v. Home Depot U.S.A., Inc.*, Civ. No. 06-4841, slip. op. at 19-20 (D.N.J. Aug. 26, 2009). In *Novak*, the plaintiffs sought class certification of state law overtime claims on behalf of a class of Home Depot ASMs working in New Jersey. In denying certification, the district court, citing *Auer*, rejected the salary basis theory alleged in Plaintiffs' complaint in this action: "That any employee, exempt or non-exempt, may be terminated for not showing up to work is common sense * * * * [W]hat would cause an employee to lose his exempt status is a "clear and particularized policy – one which 'effectively communicates' that deductions will be made in specified circumstances." *Id*. at 19-20.

### B. Plaintiffs' training period claims are time-barred

Plaintiffs allege that all ASMs are required to undergo a two to eight week training period after they are promoted or hired for the ASM position and that Defendant improperly classifies ASMs-in-training as exempt during their training periods. See Compl. ¶¶ 13, 19, 37. Defendant contends that the ASM training period claims should be dismissed because none of the named Plaintiffs' training periods occurred within the applicable limitations period.

The issue of whether some or all claims are time-barred relies on materials outside the complaint. In ruling on a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under such a scenario, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Here, both Plaintiffs and Defendant have had reasonable opportunity to present such material. Defendant titled its motion as a "Motion to Dismiss or Alternatively for Summary Judgment," and Plaintiffs clearly recognized that the Court might treat Defendant's motion as one for summary judgment in that they submitted (i) a response to Defendant's Motion and (ii) a response to Defendant's Rule 56.1 Statement of Material Facts. See, *e.g., Smith v. Potter,* 445 F.3d 1000, 1006 n. 14 (7th Cir. 2006) (agreeing with a district court's decision to treat a similar motion as one for summary judgment); see also *Jackson v. Potter*, 2006 WL 2252544, at *2 (N.D. Ill. Aug. 2, 2006). Moreover, Plaintiffs did not move for additional discovery pursuant to Federal Rule of Civil Procedure 56(f). Because the parties have complied with the requirements of Local Rule 56.1 and Plaintiffs have not moved for additional discovery pursuant to Federal Rule of Civil Procedure 56(f) on this issue, the Court will proceed on the motion for summary judgment.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

The Illinois Minimum Wage Law provides a civil cause of action to employees who have been paid less than the wage to which they are entitled under the Act, with the limitation that "[e]very such action shall be brought within 3 years from the date of underpayment." 820 ILCS 105/12(a). Plaintiffs claim that they were underpaid during two periods of time: the period during which they were ASMs-in-training (the "ASM training period") and the period after training was complete, during which they assumed all the responsibilities of ASMs (the "ASM

period"). Compl. ¶¶ 12, 19. Defendant asserts that the applicable term of limitations bars all of Plaintiffs' claims accruing during the ASM training period, as well as Plaintiff Plaza's claims accruing during her time as an ASM. Def.'s Mot. at 9-10. Plaintiffs concede that all training period claims will be time-barred unless the statute of limitations is tolled, and Plaintiffs advance a separate theory of "fairness" which they assert should preserve Plaintiff Plaza's ASM claim. Pls.' Opp. at 11, 14.

Plaintiffs argue that the applicable term of limitations on this class action claim should be tolled under the doctrine advanced in *American Pipe & Construction Co. v. Utah*., 414 U.S. 538 (1974). In *American Pipe*, the Supreme Court held that, in the event of a federal claim "where class action status has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported member of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 554. The Supreme Court subsequently extended the doctrine to all putative class members, rather than solely intervenors. *Crown, Cork, & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983). However, this Court finds no reason to apply the doctrine here.

When state law provides the statute of limitations for a claim, a court will apply the tolling rules of the state. See *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001); *Thomas v. City of Chicago*, 2009 WL 1444439, at *4 (N.D. Ill. May 21, 2009). The source of the relief that Plaintiffs seek is the Illinois Minimum Wage Law, and Plaintiffs acknowledge that it provides the relevant statute of limitations. Compl. ¶¶ 23, 42. The Supreme Court has held that applying a state's statute of limitations necessarily involves borrowing its tolling rules. *Bd. Of Regents v. Tamiano*, 446 U.S. 478, 485 (1980) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-64 (1975), for the same

proposition). Thus, the Court must look to Illinois tolling principles to determine whether Illinois recognizes class action tolling, by adopting the *American Pipe* rationale or otherwise.

The scope of equitable tolling in Illinois can be difficult to elucidate. The Seventh Circuit has "expressed uncertainty that the doctrine of equitable tolling even exists in Illinois." *Shropshear*, 275 F.3d at 596. The murkiness of equitable tolling rules in Illinois can be attributed in large part to a trend in Illinois cases to use the term interchangeably with "equitable estoppel." See *Fidelity Nat'l Title Ins. Co. of New York v. Howard Savings Bank*, 436 F.3d 836, 839 (7th Cir. 2006) (noting that "it is still unresolved whether Illinois recognizes equitable tolling [because t]he Illinois cases that mention the term seem to mean by it equitable estoppel"). Equitable estoppel, unlike equitable tolling, applies when a defendant prevents the Plaintiff from suing within the statutory period. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Plaintiffs do not allege that Defendant bears any responsibility for their inability to timely file suit, so an estoppel-based theory would not preserve their claims.

While the Illinois Supreme Court has adopted the *American Pipe* rule for class actions filed in state court (see *Steinberg v. Chicago Med. School*, 371 N.E.2d 634, 645 (Ill. 1997)), it expressly declined to extend the rule to "cross-jurisdictional tolling." See *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1103-05 (Ill. 1998). In *Portwood*, the court held that "the Illinois statute of limitations is not tolled during the pendency of a class action in federal court." 701 N.E.2d at 1104-05. In so doing, the court reasoned that "[u]nless all states simultaneously adopt the rule of cross-jurisdictional class action tolling, any state which independently does so will invite into its courts a disproportionate share of suits which the federal courts have refused to certify as class actions after the statute of limitations has run." *Id.* at 1104. The court further stated: "[B]ecause state courts have no control over the work of the federal judiciary, we believe it would be unwise to adopt a policy basing the length of Illinois limitation periods on the federal

courts' disposition of suits seeking class certification." *Id.* at 1104; see also *Boxdorfer v. DaimlerChrysler Corp.*, 396 F. Supp. 2d 946, 953 n. 3 (C. D. Ill. 2005) (noting that "class action cases filed in other jurisdictions did not toll the Act's statute of limitations for Illinois residents") (citing *Portwood*).

Regardless of the fact that this case, which already is in federal court on diversity grounds, would not have the harmful impact of overburdening the Illinois courts, the Illinois Supreme Court's interpretation of Illinois law stands. Under *Portwood*, the filing of the *Griffin* and *Aquilino* state law class actions in federal court had no effect on the running of the limitations period for Plaintiffs' state law claims. Equitable tolling, therefore, cannot apply to any of Plaintiff's claims. Thus, all three Plaintiffs' ASM training period must have occurred more than three years prior to the filing of the complaint, since Plaintiffs allege that the training period lasts at most eight weeks and all Plaintiffs were hired more than three years plus eight weeks before the suit commenced. Compl. ¶ 13; Def.'s UMF ¶¶ 5-7, Ex. 1-3. Additionally, Plaintiff Plaza ceased employment with Defendant more than three years prior to the filing of this suit.[4] Def.'s UMF ¶ 7, Ex. 3. At the time that these Plaintiffs filed the instant putative class action in state court, the applicable statute of limitations already had expired on their ASM training claims and on Plaintiff Plaza's salary basis claim. Accordingly, Defendant is entitled to summary judgment on those claims.

**C.    The Statute of Limitations Applies to Declaratory Judgment Claims**

Plaintiffs also contend that their declaratory judgment claim is not barred by the statute of limitations. However, in the cases relied upon by Plaintiffs where a declaratory judgment claim

---

[4] Plaintiff Plaza argues that the limitations period should be equitably tolled until his termination date, because employers are permitted a "window of correction" to correct any deductions that would jeopardize an employee's salary basis status. Pls. Opp. at 14. Plaintiff Plaza's novel theory fits none of the prerequisites for equitable tolling in Illinois and thus is rejected.

was held not to be time-barred, the parties were seeking declaratory relief on a *defense*. See *Luckenbach S.S. Co. v. United States*, 312 F.2d 454, 548-49 (2d Cir 1963) (statute of limitations did not bar plaintiff from seeking declaration that it was not liable to defendant on a claim defendant had yet to file); *Rymer Foods, Inc. v. Morey Fish Co.*, 1995 WL 548595 at *2 (N.D. Ill. Sept. 13, 1995) (declaratory relief sought by plaintiff was not time-barred because it was "offered as a defense to a still-viable claim" by defendant). This comports with the general rule that statutes of limitations do not run on defenses. *Rymer*, 1987 WL 14613 at *4 (citing *Seaboard Coast Line R. Co. v. Long Island R. Co.*, 595 F.2d 96, 101 (2d Cir. 1979), for the proposition that a statute of limitations is a "shield not a sword"). In the present case, "[w]hen the declaratory judgment sought by a plaintiff would declare his entitlement to some affirmative relief, his suit is time-barred if the applicable limitations period has run on a direct claim[.]" *Benitez v. Clark*, 1987 WL 14613, at *3 n.3 (N.D. Ill. July 20, 1987) (quoting *118 East 60th Owners, Inc. v. Bonner Props., Inc.*, 677 F.2d 200, 202 (2d Cir. 1982)).

Plaintiffs seek a declaration that Defendant's policies and practices violate state law, entitling Plaintiffs to affirmative relief. This distinction between offensive and defensive use of declaratory judgments was discussed in *Morris v. Mfrs. Life Ins. Co.*, 1997 WL 534156, at *10 (S.D. Ind. Aug. 6, 1997). In concluding that a declaratory judgment claim was barred by the statute of limitations, the district court explained:

> parties ordinarily bring actions for declaratory judgments when they face a threat that another party will seek coercive relief against them in the form of damages and/or injunctive relief. In such cases, statutes of limitations generally will not bar the claim for declaratory relief because statutes of limitations run against affirmative claims for relief, but not against defenses * * * * These principles do not apply here because plaintiffs' claims for what they call "declaratory relief" in Count I are an entirely different breed. Plaintiffs do not seek a declaration as to the validity of a defense to a threatened action for coercive relief against them. Instead, plaintiffs' claims for declaratory relief simply request the court to declare that defendants are liable * * * and that plaintiffs are entitled to all the coercive

relief they seek. This mere re-labelling of plaintiffs' claims for coercive relief cannot avoid the bar of the statute of limitations.

*Morris*, 1997 WL 534156, at *10 (citations omitted); see also *Holmes v. City of Chicago*, 1995 WL 270231, at *5 n. 10 (N.D. Ill. May 5, 1995) (finding claim for declaratory relief barred by Illinois statute of limitations); *Benitez v. Clark*, 1987 WL 14613, at *3 n.3 (affirmed by 863 F.2d 885 (7th Cir. 1988)). Since Defendant has no possible claim against Plaintiffs, summary judgment on Plaintiffs' time-barred claims applies to both the direct claims as well as Plaintiffs' claim for declaratory relief.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiffs' ASM salary basis claims because termination for failure to work an assigned schedule does not violate the salary basis test for exempt executives. The Court grants Defendant's motion for summary judgment [10] on Plaintiffs' ASM training claims, Plaintiffs' declaratory judgment claim, and Plaintiff Plaza's ASM salary basis claim because all such claims are untimely and cannot be saved by tolling. Judgment is entered in favor of Defendant Home Depot and against Plaintiffs.

Dated: March 23, 2010

_____
Robert M. Dow, Jr.
United States District Judge